IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| THOMAS E. TUCKER, JR.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UTAH STATE GOVERNOR, JOHN HUNTSMAN;<br>PRECEDING STATE GOVERNOR, OLEN<br>WALKER; STATE OF UTAH ATTORNEY<br>GENERAL, MARK SHURTLESS; SEVIER<br>COUNTY, UTAH, COUNTY ATTORNEY, DON<br>BROWN; SEVIER COUNTY, UTAH, COUNTY<br>SHERIFF, PHIL BARNEY; SEVIER COUNTY<br>UTAH, COUNTY COMMISSIONERS, DOUG<br>PETERSON (CHAIRMAN), GARY MASON,<br>RALPH OKERLUND; RITCHFIELD, SEVIER<br>COUNTY, UTAH, CHIEF OF POLICE, JOHN<br>EVANS,<br><br>　　　　Defendants. | Cause No. CV 05-193-M-JCL<br><br><br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On November 29, 2005, Plaintiff Thomas Tucker moved to proceed *in forma pauperis* with this action under 42 U.S.C. § 1983. That motion was granted in a separate Order. Tucker is a state prisoner proceeding *pro se*.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings *in*

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

*forma pauperis* and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe *pro se* pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

## II. Tucker's Allegations

Tucker contends that his rights were violated when the Defendants did not take action to prevent him from being harmed by allegations made by his wife, Aleese Sobrio, in Montana and Utah.

## III. Analysis

Tucker's Complaint fails to state a claim on which relief could be granted. None of the Defendants had a constitutional duty to assist Tucker in his efforts to avoid imposition of Sobrio's protective order or vacate it after its entry. "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). Tucker's Complaint plainly centers on the activities of Aleese Sobrio White, a private individual who did not act under color of state law.

Nor do the allegations of the Complaint suggest that anyone else violated Tucker's constitutional rights. While he claims that he was not able to travel to Utah to participate in the proceedings against him, he concedes that he had notice of the pending court action. *See* Compl. (doc. 1) at 5; Compl. Ex. A (doc. 1-2) at 1. He does not allege that he contacted the court to indicate his opposition to the Petition or even to ask how to proceed. This was clearly not a matter for which responsibility lay with law enforcement, the county attorney, the sheriff, or any of the other

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

Defendants Tucker names. Responsibility lay with Tucker and Sobrio.

The Court has considered whether Tucker should be given an opportunity to amend his pleading. However, it is clear that Tucker cannot state a claim on the given set of facts. This is not a situation where certain key facts are missing; it is a case where the facts simply do not add up to a constitutional claim. Amendment would be futile.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

Tucker's Complaint (doc. 1) should be DISMISSED WITH PREJUDICE and the docket should reflect that Tucker's filing of this action counts as one strike against him for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[1] after the entry date reflected on the Notice of Electronic Filing,

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

or objection is waived.

<u>Tucker must immediately inform the Court of any change in his mailing address.</u>

DATED this _21st_ day of August, 2006.

_____
Jeremiah C. Lynch
United States Magistrate Judge